UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MERQUIT JOSEFINA ARTILES de GARCIA, and HECTOR GARCIA APONTE

      Plaintiffs,

vs.

BEST DOCTORS INSURANCE LIMITED, and MIKELANDER ALDECOA,

      Defendants.
_____/

## BEST DOCTORS INSURANCE LIMITED'S NOTICE OF REMOVAL

Defendant, Best Doctors Insurance Limited ("Best Doctors"), by and through its undersigned counsel, and pursuant to 9 U.S.C. § 205 and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 2020-011982-CA (01), with full reservation of rights, exceptions and defenses, and in support thereof states:

### BACKGROUND

1.    On or around June 5, 2020, Plaintiff Merquit Josefina Artiles de Garcia ("Artiles de Garcia"), commenced this action against Defendant Best Doctors Insurance Services, LLC ("Best Doctors Services") and Mikelander Aldecoa ("Aldecoa"), by filing a Complaint in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida.

2.    The initial Complaint filed by Artiles de Garcia alleged that in 2016, Aldecoa, acting an insurance agent for Best Doctors Services in Venezuela, caused her husband, Hector

Elias Garcia Aponte ("Garcia"), to purchase health insurance from Best Doctors Services. Artiles de Garcia alleged that the health insurance policy "Certificate of Coverage" named Artiles de Garcia as a covered dependent. Artiles de Garcia alleged that the insurance policy was renewed in 2017 and later cancelled. Artiles de Garcia brought various claims against Best Doctors Services based on the belief that Garcia had contracted with Best Doctors Services for health insurance coverage.

3. Best Doctors Services thereafter moved to dismiss, establishing among other things, that it did not issue the health insurance policy and instead, Plaintiff had been an insured under a policy issued by Best Doctors Insurance Limited. The Court properly dismissed the original Complaint as to Best Doctors Services without prejudice.

4. Plaintiff Artiles de Garcia, together with Garcia (collectively "Plaintiffs"), thereafter filed an Amended Complaint, dropping Best Doctors Services, and instead naming Best Doctors (along with Aldecoa). A copy of the Amended Complaint is attached hereto as Exhibit A.

5. The Amended Complaint alleges that Plaintiffs are residents of Venezuela. *See* Am. Compl., ¶ 1. The Amended Complaint alleges that Best Doctors is a Bermuda company. *See* Am. Compl., ¶ 2. The Amended Complaint alleges that in 2016, Aldecoa, acting an insurance agent for Best Doctors in Venezuela, caused Garcia to purchase health insurance from Best Doctors. Am. Compl., ¶¶ 30 – 31. Plaintiffs alleges that the health insurance policy "Certificate of Coverage" was issued to Garcia and named Artiles de Garcia as a covered dependent. Am. Compl., ¶ 31. Plaintiffs allege that the insurance policy was renewed in 2017 and later cancelled. Am. Compl., ¶¶ 35 – 40.

6. The Amended Complaint brings claims against Best Doctors for breach of the

2

insurance contract, declaratory judgment concerning the obligations under the health insurance contract, reformation of the health insurance contract, promissory estoppel to establish health insurance under the terms of the health insurance contract, and fraudulent misrepresentation relating to the health insurance contract.

7.  The Amended Complaint does not include Plaintiffs' 2017 health insurance policy issued by Best Doctors. *See* Am. Compl., ¶ 32.

8.  Best Doctors submits a true and correct copy of Plaintiffs' 2017 health insurance policy, as Exhibit B.

9.  The Best Doctors 2017 insurance policy contains the following arbitration provision:

> 10.24 Arbitration
> ***Any discrepancy, controversy, claim or disagreement that may persist upon completion of the claims appeal as well as any conflict between the Insurance Company and The Primary Insured[1] in relation to the interpretation, cancellation or validity of the Policy or with regards to the liability or obligations by the Insurance Company or conflict based on any other reason, will be resolved by an arbitration panel of three arbiters appointed by the Parties according to the rules of the American Arbitration Association of the United States, with experience in similar matters related to international major medical insurance products.***
>
> Each party will select an arbiter, and the other two selected arbiters will select the third arbiter. In the event of any disagreement between the arbiters, the decision will rest with the majority. Either, The Primary Insured or the Insurance Company may initiate arbitration upon written notice to the other party demanding arbitration and naming its arbiter. The other party shall have twenty (20) days after receipt of said notice within which to designate its arbiter. The two (2) arbiters named by the parties, within ten (10) days thereafter, shall choose the third arbiter and the arbitration shall be held in the Miami Dade County, FL USA ten (10) days after the appointment of the third arbiter.

---

[1] The insurance policy defines the "Primary Insured" as an "Individual who is at least eighteen (18) years of age and less than seventy four (74) years of age at the time of contracting the insurance, who undertakes to pay the corresponding premium, is entitled to receive payment for Covered Expenses under this Policy and who exercises the rights of The Insureds against the Insurance Company."

3

> If the other party does not name its arbiter within twenty (20) days, the complaining party may designate the second arbiter and the other party shall not be aggrieved thereby.
>
> The Primary Insured confers exclusive jurisdiction to the Miami Dade County, FL, USA for determination of any rights and legal actions arising directly or indirectly from this Policy. The Primary Insured and the Insurance Company waive any and all rights to a trial by jury and agrees to go to trial by judge only, except to enforce the decisions of the arbiters or except in cases in which decisions made by the Court of arbitration must be executed by the judicial.

*See* Exhibit B, 2017 Policy, at ¶ 10.24 (emphasis added).

10. Because all of Plaintiffs' claims concern duties and obligations contemplated by the insurance policy, all of Plaintiffs' claims in the Amended Complaint find their origin in, and are inextricably intertwined with, arbitration provisions that fall under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Rewards (the "New York Convention") so as to permit removal under 9 U.S.C. § 205.

11. Plaintiffs' Amended Complaint is removable based on 9 U.S.C. § 205.[2]

12. 9 U.S.C. § 205 reads as follows:

> Section 205. Removal of cases from State courts
> **Where the subject matter of an action** or proceeding **pending in a State court relates to an arbitration agreement** or award **falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action** or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

(emphasis added).

---

[2] The United States of America, Venezuela, and Bermuda are all Contracting States to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

13. Title 9 U.S.C. § 205 establishes a unique basis for removal of actions whose subject matter relates to arbitration agreements falling under the New York Convention, and that basis is present in this action.

14. The arbitration provisions in the 2017 insurance policy are (1) in writing, (2) provide for arbitration in Miami, Florida, and (3) arise out of a legal, commercial relationship. Additionally, the parties to the insurance policy are not American citizens, and the commercial relationship between Best Doctors and Garcia had a reasonable relationship with a foreign state in that they concern an international major medical insurance product.

15. Although Plaintiff Artiles de Garcia is not the signatory to the insurance application or listed as the Primary Insured as defined by the 2017 insurance policy, well-established law allows non-signatories to be bound to arbitration agreements under equitable estoppel and third-party beneficiary theories, both of which apply here. *See Gomez v. Allied Professionals Insurance Company*, 457 F. Supp. 3d 1351, 1358-1360 (S.D. Fla. 2020) (noting that under Florida law as well as the Federal Arbitration Act, non-signatory third-party beneficiaries to an insurance policy are bound to arbitration provisions) (citing *Allied Prof's. Ins Co. v. Fitzpatrick*, 169 So. 3d 138, 142 (Fla. 4th DCA 2015); *See also, GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S.Ct. 1637, 1645 (2020) (holding that the text of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards does not conflict with domestic equitable estoppel doctrines permitted under the Federal Arbitration Act).

16. Here, the subject matter of the present action relates to an arbitration agreement that fall under the New York Convention and its implementing legislation under Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201, *et. seq*. The Federal Arbitration Act declares the

national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the parties agreed to resolve by arbitration. *See Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984).

17. Defendant Best Doctors attaches hereto and makes part of this Notice a copy of the process, pleadings, and other papers filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County Florida together with a docket sheet from the Miami-Dade Clerk of Courts. *See* attached Composite Exhibit C.

18. Defendant Best Doctors reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## REMOVAL IS TIMELY

19. In accordance with 9 U.S.C. § 205, Defendant Best Doctors timely files this Notice of Removal, since this notice is filed prior to the trial of the removed action.[3]

20. This Court has original jurisdiction over this action regardless of the amount in controversy pursuant to 9 U.S.C. § 203.

21. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the Eleventh Judicial Circuit Court in and for Miami-Dade County Florida, where Plaintiffs filed their Amended Complaint is located within the United States District Court for the Southern District of Florida, Miami Division.

---

[3] Courts in this district have repeatedly rejected the argument that the thirty-day limit for removal is applicable to cases removed under the Convention Act. *See, e.g., Acosta v. Norwegian Cruise Line, Ltd.,* 303 F. Supp. 2d 1327, 1329, n.2 (S.D. Fla. 2003); *Sheinberg v. Princess Cruise Lines, Ltd.,* 269 F.Supp.2d 1349, 1352 (S.D. Fla. 2003); *Azevedo v. Carnival Corp.*, No. 08-20518-CIV, 2008 WL 2261195, at *4 (S.D. Fla. May 30, 2008).

## CONSENT OF DEFENDANT ALDECOA TO REMOVAL

22.  Counsel for Defendant Best Doctors has consulted in advance of this filing with counsel for Defendant Aldecoa. Defendant Aldecoa has stated that he consents to the removal of this action. *See* attached Exhibit D.

## CONCLUSION

Plaintiffs allege that they have a claim arising out of or in relation to an insurance policy issued by Defendant Best Doctors. The subject matter of the action relates to an arbitration agreement contained in that insurance policy. The parties to the written arbitration agreement were respectively residents of the Republic of Venezuela (the Primary Insured/policyholder/beneficiary) and Bermuda (Defendant Best Doctors). Consequently, this action is removable pursuant to 9 U.S.C. § 205.

Upon filing this Notice of Removal, Defendant Best Doctors will promptly give written notice to Plaintiffs, through their attorneys of record, and the Clerk of the Eleventh Judicial Circuit Court in and for Miami-Dade County Florida.

WHEREFORE, Defendant Best Doctors Insurance Limited, respectfully requests that this Honorable Court accept its Notice of Removal as good and sufficient as required by law, and that the aforementioned action, Case No. 2020-011982-CA(01), on the docket of the Eleventh Judicial Circuit Court in and for Miami-Dade County Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendant Best Doctors Insurance Limited is entitled.

Dated: May 20, 2021

Respectfully submitted:

*/s/ Walter J. Tache*
Walter J. Taché, FBN 028850
wtache@tachebronis.com
TACHE, BRONIS, AND DESCALZO, P.A.
150 S.E. 2nd Ave., Suite 600
Miami, FL 33131
Tel: (305) 537-9565
Fax: (305) 537-9567
*Attorneys for Defendant*
*Best Doctors Insurance Limited*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of May, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail and email to the following:

Andrew V. Tramont, Esq.
Paul M. Núñez, Esq.
Rodriguez Tramont & Núñez, P.A.
255 Alhambra Circle, Suite 1150
Coral Gables, Florida 33134
Email: avt@rtgn-law.com
        pmn@rtgn-law.com

                                        Respectfully submitted:

                                      */s/ Walter J. Tache*
                                      Walter J. Taché