UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-21889-BB

MERQUIT JOSEFINA ARTILES de GARCIA, and HECTOR GARCIA APONTE

      Plaintiffs,

vs.

BEST DOCTORS INSURANCE LIMITED, and MIKELANDER ALDECOA,

      Defendants.
_____/

### BEST DOCTOR'S INSURANCE LIMITED'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY THE PROCEEDINGS

Defendant, Best Doctors Insurance Limited ("BDIL"), by and through its undersigned counsel, replies in support of its Motion to Compel Arbitration and Stay the Proceedings (D.E. 9).

As noted in BDIL's Notice of Removal, this matter was removed pursuant to 9 U.S.C. § 205, as the dispute in question is between Venezuelan residents and a Bermuda insurance company and concern an international major medical insurance product (D.E. 1, ¶¶ 12 – 14).

As further explained in BDIL's Motion to Compel Arbitration and Stay the Proceedings, the parties agreed to arbitration under the terms of the policy:

> 10.24 Arbitration Any discrepancy, controversy, claim or disagreement that may persist upon completion of the claims appeal as well as any conflict between the Insurance Company and the Primary Insured in relation to the interpretation, cancellation or validity of the Policy or with regards to the liability or obligations by the Insurance Company or conflict based on any other reason, will be resolved by an arbitration panel of three arbiters appointed by the Parties according to the rules of the American Arbitration Association of the United States, with Experience in similar matters related to international major medical insurance products.

(D.E. 9, at 3). Clearly, both BDIL's Notice of Removal and BDIL's Motion to Compel Arbitration and Stay the Proceedings made it clear this was an international arbitration dispute.

While Plaintiffs' response states that Plaintiffs do not oppose arbitration, they take issue with BDIL's suggestion that the dispute is arbitrable under the American Arbitration Association's International Dispute Resolution Procedures, rather than the American Arbitration Association's Commercial Arbitration Rules and Mediation Procedures (D.E. 28, at 2).

Notably, Plaintiffs cite to the American Arbitration Association's Commercial Arbitration Rules and Mediation Procedures for support of their argument that because they do not agree to have this dispute heard under the American Arbitration Association's International Dispute Resolution Procedures, the arbitrator must decide this issue. (D.E. 28, at ¶ 8) (citing to AAA Commercial Arbitration Rules and Mediation Procedures at R-1(a) ("Any disputes regarding which AAA rules shall apply shall be decided by the AAA."))

Of course, the American Arbitration Association's Commercial Arbitration Rules and Mediation Procedures, R-1(a) explain:

> The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules or for arbitration by the AAA of a ***domestic commercial dispute*** without specifying particular rules.

(D.E. 28-2, at R-1(a) (emphasis added).

In contrast, the American Arbitration Association's International Centre for Dispute Resolution explain its jurisdiction as follows:

> The International Centre for Dispute Resolution® ("ICDR®") is the international division of the American Arbitration Association® ("AAA®"). The ICDR provides dispute resolution services around the world in locations chosen by the parties. ICDR arbitrations and mediations may be conducted in any language chosen by the parties. The ICDR Procedures reflect best international practices that are designed to deliver efficient, economic, and fair proceedings.

2

> These Procedures are designed to provide a complete dispute resolution framework for parties to a dispute, their counsel, arbitrators, and mediators. They provide a balance between the autonomy of the parties to agree to the dispute resolution process they want and the need for process management by mediators and arbitrators.
>
> The UNCITRAL (The United National Commission on International Trade Law) Model Law's definition of an international arbitration has been incorporated by the ICDR for the purpose of determining whether a case is international. An arbitration may be deemed international and administered by the ICDR if the parties to an arbitration agreement have:
>
> - their places of business in different countries;
> - the place where a substantial part of the obligations of their commercial relationship to be performed is situated outside the country of any party;
> - the place with which the subject-matter of the dispute is most closely connected is situated outside the country of any party;
> - the place of arbitration is situated outside the country of any party; or
> - one party with more than one place of business (including parent and/or subsidiary) is situated outside the country of any party.

(*See* American Arbitration Association's International Dispute Resolution Procedures, attached as Exhibit 1, at 5).

Because the subject dispute is between Venezuelan nationals and a Bermuda insurance company, concerning an international major medical insurance product, and requires arbitration before arbitrators outside the parties' home countries by arbitrators familiar with major medical insurance products, this dispute is clearly within the International Centre for Dispute Resolution's jurisdiction applying the American Arbitration Association's International Dispute Resolution Procedures. Accordingly, BDIL proposed an order to Plaintiffs with the following language:

> The case shall be STAYED pending arbitration before the International Centre for Dispute Resolution of the American Arbitration Association and shall be CLOSED for administrative purposes.

(See Proposed Order Compelling Proceedings and Compelling Arbitration, attached as Exhibit 2).

Plaintiffs have rejected such language, but not explained why the matter is not an international dispute subject to arbitration before the International Centre for Dispute Resolution of the American Arbitration Association, only stating that BDIL's Motion did not specify the arbitration was before the International Centre for Dispute Resolution of the American Arbitration Association.

## CONCLUSION

For the reasons set forth in BDIL's Motion to Compel Arbitration and Stay the Proceedings, and the reasons set forth herein, BDIL respectfully requests that this Court compel arbitration before the appropriate body – the International Centre for Dispute Resolution of the American Arbitration Association, and otherwise stay these proceedings,

Dated: June 21, 2021

        Respectfully submitted:

        */s/ Marissel Descalzo*
        Marissel Descalzo, FBN 669318
        mdescalzo@tachebronis.com
        service@tachebronis.com
        TACHE, BRONIS AND DESCALZO, P.A.
        150 S.E. 2nd Ave., Suite 600
        Miami, FL 33131
        Tel: (305) 537-9565
        Fax: (305) 537-9567
        *Counsel for Defendant Best Doctors Insurance Limited*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of Court and served on the 21st day of June, 2021 using CM/ECF on the following:

Andrew V. Tramont, Esq.
Paul M. Núñez, Esq.
Rodriguez Tramont & Núñez, P.A.
255 Alhambra Circle, Suite 1150
Coral Gables, Florida 33134
Email: avt@rtgn-law.com
pmn@rtgn-law.com

Respectfully submitted:

*/s/ Marissel Descalzo*
Marissel Descalzo